TROY LAW, PLLC
Aaron B. Schweitzer
Tiffany Troy
41-25 Kissena Boulevard
Suite 103
Flushing, NY 11355
Phone: (718) 762-1324
Fax: (718) 762-1342
troylaw@troypllc.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------------------------x
YUCHEN YANG,
*on behalf of himself and others similarly situated,*
                                        Plaintiff,

                v.

TAIJI ORIENTAL SPA NJ CORP.
        d/b/a Taiji Oriental Massage,
TAIJI ORIENTAL BODYWORK & FOOT RUB
        CORP.
        d/b/a Taiji Oriental Massage,
ZHANG TAIJI SPA INC.
        d/b/a Taiji Oriental Massage,
FENGHUA ZHAO, and
DEYU SUN,
                                        Defendants.
-------------------------------------------------------------------x

Case No. 22-cv-01617

**29 U.S.C. § 216(b) COLLECTION ACTION AND FED. R. CIV. P. 23 CLASS ACTION**

<u>**COMPLAINT**</u>

**JURY TRIAL DEMANDED**

Plaintiff Yuchen Yang (hereinafter "Yang" or "Plaintiff"), on behalf of himself and others similarly situated, by and through his attorneys, Troy Law, PLLC, hereby brings this Complaint against Defendants Taiji Oriental Spa NJ Corp. d/b/a Taiji Oriental Massage (hereinafter "Taiji Oriental Spa"), Taiji Oriental Bodywork & Foot Rub Corp. d/b/a Taiji Oriental Massage (hereinafter "Taiji Oriental Bodywork"), Zhang Taiji Spa Inc. d/b/a Taiji Oriental Massage (hereinafter "Zhang Taiji Spa") (hereinafter collectively with Taiji Oriental Spa and Taiji Oriental Bodywork "Taiji Oriental Massage," the "Enterprise" or the "Corporate Defendants"), Fenghua Zhao (hereinafter "Zhao"), and Deyu Sun (hereinafter "Sun") (hereinafter collectively with Zhao,

the "Individual Defendants") (hereinafter collectively with Corporate Defendants, the "Defendants"), and alleges as follows:

## INTRODUCTION

1. Yang brings this action on behalf of himself and other similarly situated employees against Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, of its implementing regulations, 29 C.F.R. §§ 500 *et seq.*, of the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. §§ 34:11-56a *et seq.*, and of its implementing regulations, N.J. Admin. C. §§ 12:56 *et seq.*, arising from Defendants' various willful, malicious, and unlawful employment policies, patterns, and/or practices.

2. Yang alleges pursuant to FLSA that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages equal to his unpaid overtime wages or (3) prejudgment and postjudgment interest, and (4) reasonable attorneys' fees and costs.

3. Yang further alleges pursuant to NJWHL that he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages equal to twice his unpaid minimum wages and unpaid overtime wages on and after August 6, 2019, (4) prejudgment and postjudgment interest, and (5) reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this controversy under Section 216(b) of the FLSA and Section 1331 of Title 28 of the United States Code.

5. This Court has supplemental jurisdiction over Yang's state-law claims under Section 1367, Subsection (a) of Title 28 of the United States Code.

6. Venue is proper in the United States District Court for the District of New Jersey pursuant to Section 1391, Subsections (b) and (c) of Title 28 of the United States Code, because

Defendants conduct business in the District of New Jersey, and because the acts and omissions giving rise to the claims alleged herein took place within the District of New Jersey.

## PLAINTIFF

7. Yang is an individual over eighteen years of age residing at 33-38 Parsons Boulevard, Apartment 4E, Flushing, NY 11354.

8. Defendants employed Yang as a driver and cashier at Taiji Oriental Spa and Taiji Oriental Bodywork from about March 2018 through about December 2020, as a driver and cashier at Taiji Oriental Spa from about January 2021 through about August 3, 2021, and as a driver and masseur at Taiji Oriental Spa from about August 4, 2021 through about August 7, 2021.

9. At all times relevant to this action, Yang was an employee not exempt from receiving overtime under the FLSA and NJWHL.

10. At all times relevant to this action, Yang was an employee engaged in commerce or the production of goods for commerce on behalf of Defendants.

11. At all times relevant to this action, Yang was a covered employee of Defendants within the meaning of FLSA and NJWHL.

## DEFENDANTS

**CORPORATE DEFENDANTS**

12. Taiji Oriental Spa is a domestic business corporation organized under the laws of the State of New Jersey with a principal place of business located at 23-14 Broadway, Fair Lawn, NJ 07410 and which owns and operates and does business as Taiji Oriental Massage at such location.

13. Taiji Oriental Spa has been at all times an employer engaged in commerce or in the production of goods for commerce within the meaning of FLSA.

14. At all relevant times, Taiji Oriental Spa had annual gross volumes of sales in excess of five hundred thousand dollars ($500,000.00). Taiji Oriental Spa was regularly open seven (7) days per week, and regularly had about one thousand eight hundred dollars ($1,800.00) in gross volumes of sales per day.

15. At all relevant times, Taiji Oriental Spa's employees, including Plaintiff, were engaged in commerce or in the production of goods for commerce, or handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce.

16. Taiji Oriental Bodywork is a domestic business corporation organized under the laws of the State of New Jersey with a principal place of business located at 333 Broad Avenue, Palisades Park, NJ 07650 and which owns and operates and does business as Taiji Oriental Massage at such location.

17. Taiji Oriental Bodywork has been at all times an employer engaged in commerce or in the production of goods for commerce within the meaning of FLSA.

18. At all relevant times, Taiji Oriental Bodywork had annual gross volumes of sales in excess of five hundred thousand dollars ($500,000.00). Taiji Oriental Bodywork was regularly open seven (7) days per week, and regularly had between about one thousand five hundred dollars ($1,500.00) and one thousand eight hundred dollars ($1,800.00) in gross volumes of sales per day.

19. At all relevant times, Taiji Oriental Bodywork's employees, including Plaintiff, were engaged in commerce or in the production of goods for commerce, or handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce.

20. Zhang Taiji Oriental is a domestic business corporation organized under the laws of the State of New Jersey with a principal place of business located at 300 Plaza Drive, Secaucus,

NJ 07094 and which owns and operates and does business as Taiji Oriental Massage at such location.

21. Since about June 2021, Zhang Taiji Oriental has been an employer engaged in commerce or in the production of goods for commerce within the meaning of FLSA.

22. Since about June 2021, Zhang Taiji Oriental was regularly open seven (7) days per week, and regularly had between about five hundred dollars ($500.00) and eight hundred dollars ($800.00) in gross volumes of sales per day.

23. At all relevant times, Zhang Taiji Oriental's employees were engaged in commerce or in the production of goods for commerce, or handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce.

24. Taiji Oriental Spa, Taiji Oriental Bodywork, and Zhang Taiji Oriental operated their respective Taiji Oriental Massage locations as a single integrated enterprise, transferring employees, including Plaintiff, between themselves, and are a single employer.

25. The Individual Defendants controlled labor relations at all of Taiji Oriental Spa, Taiji Oriental Bodywork, and Zhang Taiji Oriental, including hiring and firing of employees, establishment and implementation of pay practices, work assignments, and scheduling, and maintenance of employee time and pay records.

26. The Individual Defendants are officers of all of Taiji Oriental Spa, Taiji Oriental Bodywork, and Zhang Taiji Oriental, and exercised control over the operations and employees of all of Taiji Oriental Spa, Taiji Oriental Bodywork, and Zhang Taiji Oriental.

27. The Individual Defendants are owners of all of Taiji Oriental Spa, Taiji Oriental Bodywork, and Zhang Taiji Oriental.

**INDIVIDUAL DEFENDANTS**

28. Zhou is a natural person doing business in the State of New Jersey, and an owner, officer, and/or agent of Taiji Oriental Spa, Taiji Oriental Bodywork, and Zhang Taiji Spa.

29. Zhou exercised sufficient control over Taiji Oriental Massage's operations to be consider Plaintiff's employer under FLSA and NJWHL.

30. At all times material herein, Zhou established and exercised authority regarding the pay practices and employee relations throughout Taiji Oriental Massage.

31. Zhou hired and fired employees, including Plaintiff, established and implemented pay practices, work assignments, and scheduling, controlled labor relations and personnel policies and practices, and maintained time and payroll records.

32. Zhou assigned tasks to the employees, directed employees in their work, and disciplined employees.

33. Zhou acted intentionally and maliciously and is an employer within the meaning of Section 203 Subsection (d) of the FLSA, Section 791.2 of Title 29 of the Code of Federal Regulations, and Section 34:11-56a1, Subsection (g) of the NJWHL, and is jointly and severally liable with the Corporate Defendants.

34. Sun is a natural person doing business in the State of New Jersey, and an owner, officer, and/or agent of Taiji Oriental Spa, Taiji Oriental Bodywork, and Zhang Taiji Spa.

35. Sun exercised sufficient control over Taiji Oriental Massage's operations to be consider Plaintiff's employer under FLSA and NJWHL.

36. At all times material herein, Sun established and exercised authority regarding the pay practices and employee relations throughout Taiji Oriental Massage.

37. Sun hired and fired employees, including Plaintiff, established and implemented pay practices, work assignments, and scheduling, controlled labor relations and personnel policies and practices, and maintained time and payroll records.

38. Sun hired employees, including Plaintiff, directed employees in their work, and disciplined employees.

39. Sun acted intentionally and maliciously and is an employer within the meaning of Section 203 Subsection (d) of the FLSA, Section 791.2 of Title 29 of the Code of Federal Regulations, and Section 34:11-56a1, Subsection (g) of the NJWHL, and is jointly and severally liable with the Corporate Defendants.

40. The Enterprise Taiji Oriental Massage, and the Individual Defendants, were joint employers of Plaintiff, sharing authority to hire and fire employees, including Plaintiff, authority to promulgate work rules and assignments to, and set conditions of employment (including but not limited to compensation, benefits, and hours) for, employees, including Plaintiff, day-to-day supervision and discipline of employees, including Plaintiff, and control of employees', including Plaintiff's, records.

## STATEMENT OF FACTS

41. Defendants committed the following acts willfully, intentionally, and maliciously to subvert the wage-and-hour laws and deny Yang and other employees their lawful pay.

42. Defendants employed Yang as a driver and cashier at Taiji Oriental Spa and Taiji Oriental Bodywork from about March 2018 through about December 2020, as a driver and cashier at Taiji Oriental Spa from about January 2021 through about August 3, 2021, and as a driver and masseur at Taiji Oriental Spa from about August 4, 2021 through about August 7, 2021.

43. Yang's primary duty as a cashier was to take and accurately record customer payments.

44. Yang's primary duty was to drive other employees to and from work in an employer-provided transport shuttle between Gold City supermarket at 46-31 Kissena Boulevard, Flushing, NY 11355 and either Taiji Oriental Spa or Taiji Oriental Bodywork, depending on where he was scheduled to work that day, for the benefit and convenience of employers.

45. Yang's primary duty as a masseur, on his last four days of work, was to give massages and facials to customers.

46. At all times relevant to this action, Yang was an employee not exempt from receiving overtime under the FLSA and NJWHL.

47. Throughout his employment, when Yang worked at Taiji Oriental Spa, he would drive the employer-provided shuttle from Flushing to Fair Lawn from about 9:30 AM (09:00 hours) through about 10:30 AM (10:30 hours), work at Taiji Oriental Spa from about 10:30 AM (10:30 hours) through about 10:00 PM (22:00 hours), and drive the employer-provided shuttle from Fair Lawn to Flushing from about 10:00 PM (22:00 hours) through 11:00 PM (23:00 hours). During the working day, he had about ten (10) minutes each to eat two (2) meals, and did not have any other breaks. As a cashier, he had to remain at the cash register all day. As a masseur, he would spend about five hours and thirty minutes (05:30) (5.5 hours) serving customers and the remainder of his working day waiting to be assigned his next customer. However, even when, as a masseur, he was waiting to be assigned his next customer, he was not permitted to leave the shop but had to remain on call to work. Accordingly, his working day amounted to about thirteen and one-half (13.5) hours.

48. Throughout his employment, when Yang worked at Taiji Oriental Bodywork, he would drive the employer-provided shuttle from Flushing to Palisades Park from about 10:00 AM (10:00 hours) through about 11:00 AM (11:00 hours), work at Taiji Oriental Spa from about 11:00

AM (11:00 hours) through about 10:30 PM (22:30 hours), and drive the employer-provided shuttle from Palisades Park to Flushing from about 10:30 PM (22:30 hours) through 11:30 PM (23:30 hours). During the working day, he had about ten (10) minutes each to eat two (2) meals, and did not have any other breaks. As a cashier, he had to remain at the cash register all day. Accordingly, his working day amounted to about thirteen and one-half (13.5) hours.

49. From about March 2018 through about December 2020, Yang worked two (2) days each week at Taiji Oriental Bodywork and the remaining days of his work week at Taiji Oriental Spa.

50. From about January 2021 through about August 7, 2021, Yang worked each of his working days at Taiji Oriental Spa.

51. Throughout his employment, Yang worked five (5) days per week about seven (7) out of every ten (10) weeks, six (6) days per week about two (2) out of every ten (10) weeks, and seven (7) days per week one (1) out of every ten (10) weeks.

52. On average, therefore, Yang worked approximately seventy-two hours and fifty-four minutes (72:54) (72.90 hours) each week.

53. At all relevant times, Defendants failed to keep and maintain a time clock, sign-in sheet, or other record of Yang's working time, and failed to keep and maintain or furnish on Yang a true and accurate record of his hours worked as required by Section 516.2 of Title 29 of the Code of Federal Regulations or NJWHL Section 34:11-56a20.

54. From about March 2018 through about February 2020, Yang was paid a flat salary of $130.00 per day.

55. From about March 2020 through about June 2021, Yang was paid a flat salary of $140.00 per day.

56. From about July 2021 through August 3, 2021, Yang was paid a flat salary of $150.00 per day.

57. From about August 4, 2021 through about August 7, 2021, Yang was paid a wage of $18.00 per hour spent serving customers, and was not paid for his time on call waiting for a customer to be assigned to him.

58. Throughout his employment, Yang was paid his salary and wages once each month, by check for $2,500.00, and the remainder in cash.

59. At all relevant times, Defendants failed to keep a full and accurate record of Yang's pay, paying him in cash off the books, and failed to keep and maintain or furnish on Yang a true and accurate record of his wages paid as required by Section 516.2 of Title 29 of the Code of Federal Regulations or NJWHL Section 34:11-56a20.

60. Yang's salary amounted to less than the New Jersey minimum wage on and after July 1, 2019.

61. At all relevant times, Yang's salary did not include payment for hours worked beyond forty (40) each week.

62. At all relevant times, Yang's salary did not include payment for hours worked beyond forty (40) each week at a rate one and one-half (1.5) times his regular rate.

63. At all relevant times, Yang was not paid his hourly wage for all his hours worked.

64. At all relevant times, Yang was not paid his hourly wage for his hours worked beyond forty (40) each week.

65. At all relevant times, Yang was not paid an hourly wage at one and one-half (1.5) times his regular hourly wage for his overtime hours.

66. At all relevant times, Defendants knew that nonpayment of minimum wages and overtime wages would financially injure Plaintiff and violate state and federal laws.

67. At all relevant times, Defendants willfully failed to post notices required by Section 516.4 of Title 29 of the Code of Federal Regulations and Section 34:11-56a21 of the NJWHL at Taiji Oriental Spa or Taiji Oriental Bodywork.

## COLLECTIVE ALLEGATIONS

68. Yang brings this action individually and on behalf of all other current and former non-exempt restaurant workers employed by Defendants over the three years preceding the filing of this Complaint, through entry of judgment in this case (the "Collective").

69. Upon information and belief, Taiji Oriental Spa, Taiji Oriental Bodywork, and Zhang Taiji Spa each have approximately nine (9) to ten (10) employees on their payrolls at any one time.

## CLASS ALLEGATIONS

70. Yang brings his state-law claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all other current and former non-exempt restaurant workers employed by Defendants over the six years preceding the filing of this Complaint, through entry of judgment in this case (the "Class").

71. The Class members are readily ascertainable. The Class members' number, names, addresses, positions held, hours assigned and worked, and rates of pay are determinable from Defendants' records. Notice can be provided by means permissible under Rule 23.

### NUMEROSITY

72. The Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

73. Although the precise number of such persons is unknown, and the facts on which the calculation of the precise number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

**COMMONALITY**

74. There are questions of law and fact common to the Class which predominate over any questions affecting individual members, including: (1) whether Defendants employed the Class members within the meaning of the NJWHL; (2) whether the Class members were paid less than the minimum wage; (3) whether the Class members were paid for overtime hours at rates one and one-half times their regular rates; and (4) at what common rate, or rates subject to common method of calculation, were and are Defendants required to pay Class members?

**TYPICALITY**

75. Yang's claims are typical of those claims which could be alleged by any Class member, and the relief sought is typical of the relief that would be sought by any Class member in a separate action.

76. All the Class members were subject to the same policy and practice of denying minimum wage and overtime.

77. Defendants' policy and practice affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member.

78. Yang and the other Class members sustained similar losses, injuries, and damages arising from the same unlawful policy and practice.

**ADEQUACY**

79. Yang is fairly and adequately able to protect the interests of the Class and has no interests antagonistic to the Class.

80. Yang is represented by attorneys who are experienced and competent in representing plaintiffs in both class actions and wage-and-hour employment litigations.

**SUPERIORITY**

81. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

82. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.

83. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.

84. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

85. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties.

86. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

87. Upon information and belief, Defendants and other employers throughout the state violate the NJWHL.

88. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.

89. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.

90. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## CAUSES OF ACTION

### COUNT I.
### Violation of FLSA—Nonpayment of Minimum Wages
### Brought on Behalf of the Plaintiff and the Collective

91. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

92. Section 206, Subsection (a) of the FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at… $7.25 an hour, beginning 24 months after [the] 60th day [after May 25, 2007]."

93. For the last four (4) days of his employment, Yang was only paid for about five hours and thirty minutes (05:30) (5.5 hours) of his working days, which lasted thirteen hours and thirty minutes (13:30) (13.5 hours).

94. Accordingly, Defendants failed to pay Yang for each of the hours he worked.

95. Section 216 of the FLSA provides that "[a]ny employer who violates the provisions of section 206… of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages… and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

96. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA by failing to pay Yang at least the minimum wage.

**COUNT II.**
**Violation of FLSA—Nonpayment of Overtime Wages**
**Brought on Behalf of the Plaintiff and the Collective**

97. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

98. Section 207, Subsection (a), Paragraph (1) of the FLSA provides that "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

99. Yang was not exempt from the provisions of Section 207 of the FLSA under any of the categories delineated in Section 213 of the FLSA.

100. For all but the last four days of his employment, Yang was paid a flat daily salary that did not include pay for overtime hours or pay for overtime hours at a rate one and one-half (1.5) times his regular rate.

101. Section 216, Subsection (b) of the FLSA provides that "[a]ny employer who violates the provisions of section 207… of this title shall be liable to the employee or employees affected in the amount of their… unpaid overtime compensation… and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

102. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA by denying Yang overtime pay.

## COUNT III.
### Violation of NJWHL—Nonpayment of Minimum Wages
### Brought on Behalf of the Plaintiff and the Class

103. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

104. Section 34:11-56a4, Subsection (a) of the NJWHL provides that "each employer shall pay to each of his employees wages at a rate of not less than $8.85 per hour as of January 1, 2019 and…: on July 1, 2019, the minimum wage shall be $10.00 per hour; on January 1, 2020, the minimum wage shall be $11.00 per hour; and on January 1 of each year from 2021 to 2024, inclusive, the minimum wage shall be increased from the rate of the preceding year by $1.00 per hour."

105. On and after July 1, 2019, Yang's calculated regular wage amounts to less than the New Jersey minimum wage.

106. Further, for the last four (4) days of his employment, Yang was only paid for about five hours and thirty minutes (05:30) (5.5 hours) of his working days, which lasted thirteen hours and thirty minutes (13:30) (13.5 hours).

107. Accordingly, Defendants failed to pay Yang minimum wage, and minimum wage for each of the hours he worked.

108. Section 34:11-56a25 of the NJWHL provides that "[i]f any employee is paid by an employer less than the minimum fair wage to which such employee is entitled under the provisions of [Section 34:11-56a *et seq.*]… the employee may recover in a civil action the full amount of that minimum wage less any amount actually paid to him or her by the employer… and an additional amount equal to not more than 200 percent of the amount of the unpaid minimum wages… plus costs and reasonable attorney's fees as determined by the court."

109. Defendants knowingly, willfully, and maliciously disregarded the provisions of the NJWHL by failing to pay Yang at least the minimum wage.

### COUNT IV.
### Violation of NJWHL—Nonpayment of Overtime Wages
### Brought on Behalf of the Plaintiff and the Class

110. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

111. Section 34:11-56a4, Subsection (b), Paragraph (1) of the NJWHL provides that "[a]n employer shall also pay each employee not less than 1 1/2 times such employee's regular hourly rate for each hour of working time in excess of 40 hours in any week [subject to various exemptions]."

112. At no time was Yang an exempt employee.

113. Throughout his employment, Yang was denied payment for his hours worked in excess of forty (40) each week, whether at a rate one and one-half (1.5) times his regular rate, or otherwise.

114. Section 34:11-56a25 of the NJWHL provides that "[i]f any employee is paid by an employer less than the minimum fair wage to which such employee is entitled under the provisions of [Section 34:11-56a *et seq.*]… the employee may recover in a civil action the full amount of that minimum wage less any amount actually paid to him or her by the employer… and an additional amount equal to not more than 200 percent of the amount of the unpaid minimum wages… plus costs and reasonable attorney's fees as determined by the court."

115. Defendants knowingly, willfully, and maliciously disregarded the provisions of the NJWHL by failing to pay Yang his overtime wage.

## JURY DEMAND

116. Plaintiff demands a trial by jury on all matters so triable.

## PRAYER FOR RELIEF

WHEREFORE, Yang, on behalf of himself and on behalf of the Collective and Class, respectfully requests that this Court enter a judgment providing the following relief:

A. At the earliest practicable time giving notice of this collective action, or authorizing Plaintiff to give notice of this collective action, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of the notice's issuance, been employed by Defendants in non-exempt positions. Such notice shall inform such employees that this lawsuit has been filed, of the nature of this lawsuit, and of their right to join this lawsuit if they believe they were denied minimum wage or overtime pay;

B. A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

C. An injunction against Corporate Defendants, their owners, officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

D. An award of unpaid minimum wages, and liquidated damages equal to unpaid minimum wages, due to Plaintiff and any opt-ins under FLSA;

E. An award of unpaid minimum wages, and liquidated damages equal to twice unpaid minimum wages, due to Plaintiff and the Class under NJWHL;

F. An award of unpaid overtime, and liquidated damages equal to unpaid overtime, due to Plaintiff and any opt-ins under FLSA;

G. An award of unpaid overtime, and liquidated damages equal to twice unpaid overtime, due to Plaintiff and the Class under NJWHL;

H. An award of prejudgment interest;

I. An award of reasonable attorneys' fees and costs; and

J. Any such other and further legal or equitable relief as the Court may deem necessary, just, and proper.

Dated: Flushing, NY
        March 22, 2022

                TROY LAW, PLLC
                *Attorneys for Plaintiff, proposed FLSA*
                *Collective, and potential Rule 23 Class*

                */s/ Aaron B. Schweitzer*
                Aaron B. Schweitzer
                Yige Chen
                Tiffany Troy

        41-25 Kissena Boulevard
        Suite 103
        Flushing, NY 11355
        (718) 762-1324
        troylaw@troypllc.com