<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **YUCHEN YANG**, *on behalf of himself and others similarly situated*,<br><br>     **Plaintiff**,<br><br>v.<br><br>**TAIJI ORIENTAL SPA NJ CORP.**, *et al.*,<br><br>     **Defendants.** | **Civil Action No. 22-1617 (EP) (JSA)**<br><br><br><u>**REPORT AND RECOMMENDATION**</u> |

<u>**JESSICA S. ALLEN**</u>**, U.S.M.J.**

Before the Court is the motion of Plaintiff, Yuchen Yang ("Plaintiff"), to dismiss Defendants' Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 16). The Honorable Evelyn Padin, U.S.D.J. referred this motion to the undersigned for a Report and Recommendation. The motion is decided without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, and for good cause shown, it is respectfully recommended that Plaintiff's motion to dismiss be **GRANTED IN PART AND DENIED IN PART**. Specifically, it is recommended that Plaintiff's motion to dismiss Count I and Count III of Defendants' Counterclaims be **GRANTED**, and that the motion to dismiss Count II of Defendants' Counterclaims be **DENIED**.

**I.     RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

On March 22, 2022, Plaintiff initiated this putative collective and class action against Defendants Taiji Oriental Spa NJ Corp., Taiji Oriental Bodywork & Foot Rub Corp., Zhang Taiji Spa, Inc., Fenghua Zhao, and Deyu Sun (collectively "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. § 34:11-56, *et seq.* (Compl., ¶ 1; ECF No. 1). As detailed in his Complaint,

Plaintiff alleges that Defendants employed him from March 2018 through August 7, 2021, in a variety of roles, including, at times, as a driver, cashier, and masseur. (*Id.* at ¶ 8). Plaintiff further alleges that he was paid a flat salary throughout his employment and paid once each month in the amount of $2,500 by check, with the remainder paid in cash. (*Id.* at ¶¶ 54-58). According to Plaintiff, his salary was below the New Jersey minimum wage, and he consistently worked approximately thirty-three (33) hours of overtime per week. (*Id.*) Yet, he was not paid overtime or at the appropriate rate of pay. (*Id.*)

On June 13, 2022, Defendants filed their Answer, Affirmative Defenses, and Counterclaims. (ECF No. 12). Defendants assert three Counterclaims labeled: (1) "misrepresentation" ("Count I"); (2) "unjust enrichment" ("Count II"); and (3) "fraud & bad faith & frivolous lawsuit" ("Count III"). (Counterclaims at ¶¶ 5-14). In support of all their Counterclaims, Defendants allege that Plaintiff was hired as a manager, not as a driver and cashier, and that he was paid his wages, as confirmed by Defendants' payroll records. (*Id.* at ¶¶ 1-3). Finally, Defendants allege that as a condition of his acceptance of employment, Plaintiff demanded to be paid in cash. (*Id.* at ¶ 4). The instant motion to dismiss ensued.

## II.   LEGAL STANDARD

"Courts use the same standard in ruling on a motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6) as they do for a motion to dismiss a complaint." *G.W. v. Ringwood Bd. of Ed.*, 2022 WL 4132037, at *4 (D.N.J. Sept. 9, 2022). In analyzing a Rule 12(b)(6) motion, courts must "'accept all factual allegations as true, construe the [pleading] in the light most favorable to the [pleader], and determine whether, under any reasonable reading of the [pleading], the [pleader] may be entitled to relief.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting

*Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

The complainant's "obligation [is] to provide the 'grounds' of his entitlement to relief"; this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Determining whether the allegations in a pleading are plausible "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the [pleading] has alleged – but it has not shown – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

The Court first must separate the factual elements from the legal arguments of the claim. *Holmes v. Newark Pub. Sch.*, 2013 U.S. Dist. LEXIS 171348, at *6 (D.N.J. Dec. 4, 2013) (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)). The court then must determine if the facts as alleged are sufficient to demonstrate a "'plausible claim for relief.'" *Id.* (citing *Fowler*, 578 F.3d at 210).

### III.  ANALYSIS

#### A.  Threshold Issues

##### 1.  Deficiencies In Defendants' Opposition Papers

Defendants' opposition papers consist only of defense counsel Oliver Zhou's certification ("Zhou Certification"), and a certification from individual defendant Deyu Sun ("Sun Certification"). (*See* ECF Nos. 20, 20-1). Defendants' submissions are deficient in three ways.

First, Defendants submit neither an opposition brief nor a statement why a brief is not necessary in accordance with Local Civil Rules 7.1(d)(2) and 7.1(d)(4).  Local Civil Rule 7.1(d)(2) sets forth the deadline by when opposition briefs must be filed.  Local Rule 7.1(d)(4) states, in relevant part, that "in lieu of filing any brief in support of or in opposition to a motion, a party may file a statement that no brief is necessary and the reasons therefor." *Id*.  As such, Defendants' failure to comply with these two Local Rules, standing alone, is a sufficient basis to consider the motion to dismiss unopposed.  *See Keyes v. Nationstar Mrtg., LLC*, 2020 U.S. Dist. LEXIS, at 191958, at *10-11 (D.N.J. Oct. 15, 2020).  The Court, however, in its discretion, declines to consider the motion as unopposed on this basis.

Yet, Defendants' opposition is deficient for a second reason. The Zhou Certification is replete with citations to caselaw and contains factual and legal arguments, despite the Local Rules' prohibition against such insertions.  Local Civil Rule 7.2(a) states: "Affidavits, certifications, and other documents of the type referenced in 28 U.S.C. § 1746 shall be restricted to statements of fact within the personal knowledge of the signatory.  Argument of the facts and the law shall not be contained in such documents. [They] will be disregarded by the Court and may subject the signatory to appropriate censure, sanction, or both." *Id.*  Accordingly, the Court would be within its discretion to strike the Zhou Certification or, at a minimum, disregard the arguments contained therein.  *See, e.g.*, *Beom Su Lee v. Roku Karaoke*, 2019 U.S. Dist. LEXIS 102988 (D.N.J. June 19, 2019) (disregarding, like here, attorney's declaration which "largely" consisted of "legal arguments and interpretation of the allegations").  Nonetheless, the Court will consider Zhou's legal arguments as if they were properly addressed in a legal brief, but will disregard his factual statements, which have minimal bearing on the merits of the instant motion.

4

Finally, Defendants improperly ask the Court to consider the Sun Certification. In the context of a motion to dismiss, the court may only consider the pleadings and documents integral or explicitly relied upon in the complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Certifications by individual parties are not permitted. *See Platt v. Freedom Mortgage*, 2010 WL 4810652, at *3-4 (D.N.J. Nov. 16, 2010); *see also Harmon v. Boro. of Belmar*, 2020 WL 833061, at *4 (D.N.J. Feb. 20, 2020); *Mucciarello v. Viator, Inc.*, 2019 WL 4727896, at *5 (D.N.J. Sept. 27, 2019). If "the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56." *Evanston Ins. Co. v. Neuromonitoring Techs., Inc.*, 2022 U.S. Dist. LEXIS 56621, at *6 (citing Fed. R. Civ. P. 12(d)). The Court will disregard the Sun Certification as it is clearly a matter outside the pleading, and thus improper to consider in the 12(b)(6) motion context. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426; *see also Evanston Ins. Co.*, 2022 U.S. Dist. LEXIS 56621 at *6 (D.N.J. Mar. 29, 2022).

**2. Construction of Defendants' Counterclaims**

Plaintiff moves to dismiss all of Defendants' Counterclaims, arguing that they fail to articulate the statutory or common law basis for each of them. Yet, Plaintiff asks this Court to construe the Counterclaims as claims arising under the New Jersey Frivolous Claims Act ("NJFCA"), N.J.S.A. § 2A:15-59.1. (Pl. Mov. Br. 4-5). Plaintiff further contends that Defendants' attempt to characterize Plaintiff's litigation as frivolous, which entitles Defendants to reasonable attorneys' fees, is unwarranted since the Court has neither found Defendants to be a prevailing party nor determined the lawsuit to be frivolous. As a result, Plaintiff submits that Defendants' Counterclaims, properly construed as NJFCA claims, should be dismissed as futile. (*Id.*) Defendants do not even attempt to counter Plaintiff's argument.

5

As detailed below, this Court finds that Count I and Count III are vague, and thus the Court must determine what claims, if any, Defendants are asserting in these Counterclaims. However, the Court finds that Defendants have clearly labeled and asserted Count II as an unjust enrichment claim, and thus it will be so analyzed in the context of the motion to dismiss.

**B.    Misrepresentation Counterclaim**

Plaintiff moves to dismiss Defendants' first Counterclaim labeled, "misrepresentation," for failure to state a plausible claim for relief.[1] According to Plaintiff, Defendants' Counterclaim, as it should be construed, is not an independent cause of action but instead arises under the NJFCA. (Pl. Mov. Br. at 4). Defendants do not respond to Plaintiff's argument.

In reviewing this Counterclaim, Defendants allege, in relevant part, that "Plaintiff's lawsuit is based upon his misleading, fabricated and false information and facts regarding the subject matter." (Counterclaims, ¶ 6). Defendants further allege that Plaintiff "misrepresented the material facts by intentionally characterized [sic] his employment as a driver and cashier instead of a manager . . . ." (*Id.*)

As part of this Counterclaim, Defendants make no attempt to coherently state the cause of action or how the allegations support any such claim. As a result, the Counterclaim is indeed vaguely labeled and described, requiring the Court to "determine what cause of action, if any, is being asserted by Defendants' Counterclaim[]." *Han v. Kwak's Wellness, LLC*, 2009 U.S. Dist. LEXIS 43618, at *6 (D.N.J. May 20, 2009).

---

[1] Plaintiff also moves to dismiss the "misrepresentation" Counterclaim on immunity grounds pursuant to the *Noerr-Pennington* doctrine. This doctrine, however, applies only in the context of patent and antitrust claims as well as matters involving citizens who petition the government as confirmed by the cases cited in Plaintiff's moving brief. (*See* Pl. Mov. Br. at 6). Accordingly, the doctrine is clearly inapplicable to Defendants' Counterclaims.

In *Han*, an FLSA and NJWHL case, Chief Judge Wolfson addressed a similar issue and ultimately granted the plaintiff's motion to dismiss the *pro se* defendants' counterclaims. *Id.* at *1. In reviewing the counterclaims, the Court found that the "sole cognizable claim is akin to a claim of frivolous litigation arising under … the New Jersey Frivolous Claims Act ("NJFCA"). *Id.* at *8. Chief Judge Wolfson noted that the statute's purpose is to "'[p]ermit the recovery of attorney's fees in a civil suit when the legal position of [a] prevailing party was not justified.'" *Id.* at *11 (quoting N.J.S.A. § 2A:15-59.1). "To recover attorney's fees under the NJFCA, the statute provides that a party cannot file its request for relief in a counterclaim." *Id.* (internal citation omitted). Chief Judge Wolfson concluded that, at most, the defendants could seek relief pursuant to the NJFCA or sanctions pursuant to Federal Rule of Civil Procedure 11, if the defendants were deemed the prevailing parties, after the case concluded. *Id.* at *12-13. However, such a claim could not be brought by counterclaim. *Id.*

As to the remaining allegations, Chief Judge Wolfson determined that they were either duplicative or improperly raised to seek dismissal of Plaintiff's Complaint. As such, the Court concluded that the defendants were not pursuing viable counterclaims but rather were attempting to "vigorously challenge the veracity of Plaintiff's Complaint." *Id.* at *11-12.

As Judge Wolfson explained:

> Certainly, Defendants may, if they believe there is no legal or factual basis for Plaintiff's claims, seek to dismiss Plaintiff's complaint through the appropriate avenues, i.e., a motion to dismiss or motion for summary judgment. That being said, Defendants' desire to vigorously challenge the veracity of Plaintiff's complaint through their counterclaims does not give rise to independent causes of action, nor do Defendants' recitation of damages . . .

*Id.* at *8.

7

Chief Judge Wolfson's analysis in *Han* is instructive. In Count I, Defendants here allege that Plaintiff's lawsuit is frivolous, justifying an award of attorney's fees. As such, these allegations are, at best, supportive of a claim for relief under the NJFCA or a Rule 11 motion, but are not properly asserted as a counterclaim. *See id.* at * 12-13.

Defendants' allegation that Plaintiff mischaracterizes his job title and duties, (Counterclaim ¶ 6), amounts to nothing more than a challenge to the veracity of Plaintiff's allegations in support of his affirmative claims. To that end, Defendants improperly seek dismissal of Plaintiff's Complaint by asserting this Counterclaim. The proper avenue would be to seek leave to file a motion for summary judgment after the close of fact discovery. *See id.* at * 8. Further, Defendants' allegation suggests this Counterclaim is an affirmative defense and not an affirmative claim at all.

In a recent decision, District Judge Padin emphasized that determining whether the defendants' counterclaims "is an affirmative claim or an affirmative defense is indeed critical." *G.W.*, 2022 WL 4132037, at *4 (citations and quotations omitted). Judge Padin continued:

> If Plaintiffs' entire complaint were dismissed, would any of Defendant's three 'counterclaims' against Plaintiff continue as an independently viable cause of action that keeps this matter open? If the answer is no, then that 'counterclaim' is merely an affirmative defense and dismissal under Rule 12(b)(6) is appropriate.

*Id.* (citations and quotations omitted).

This Court considers the viability of this Counterclaim through this lens. As detailed above, the gist of this Counterclaim is that Defendants deny many of the factual allegations supporting Plaintiff's claims and contend that the lawsuit is frivolous. If Plaintiff's Complaint was dismissed, this Counterclaim would cease to function as an independently viable claim. Accordingly, Defendants' contentions amount to affirmative defenses not an affirmative claim, and thus the Court

8

finds that dismissal of Defendants' Counterclaim (Count I) is warranted on this independent basis.

Finally, even under the most strained reasonable reading of this Counterclaim, dismissal is still warranted. Defendants label this Counterclaim as one for "misrepresentation" and allege that Plaintiff's conduct was "intentional." Defendants allege not only that Plaintiff intentionally mischaracterized his job title and duties while employed by Defendants but intentionally failed to pay his income taxes. According to Defendants, Plaintiff's alleged misconduct amounts to misrepresentations that have proximately caused Defendants' financial losses. (Counterclaims, ¶¶ 6-8). As such, this Court liberally construes this Counterclaim as asserting a fraudulent misrepresentation claim.

To state a claim for fraudulent misrepresentation under New Jersey law, a Plaintiff must establish that the: (1) defendant knowingly made a material misrepresentation; (2) defendant intended plaintiff would rely on the misrepresentation; (3) plaintiff reasonably relied on the misrepresentation; and (4) resulting damages. *See Bayda v. Howmet Castings Serv., Inc.*, 859 Fed. Appx. 623, 624 (3d Cir. 2021) (citations omitted). Moreover, Defendants must satisfy Rule 9(b)'s heightened pleading standard, requiring that fraud claims be "state[d] with particularity." *Id.*

Defendants have not sufficiently pled such a claim. They do not explain or allege with any particularity how they relied on any misrepresentation made by Plaintiff, let alone how any such reliance resulted in damages. Rather, Count I states that Plaintiff has engaged in misrepresentation through the allegations *pled in the Complaint*. (*See* Counterclaim ¶ 6). In short, Defendants fail to plausibly state a claim for fraudulent misrepresentation as to Plaintiff. Accordingly, this failure serves as an independent basis to grant Plaintiff's motion to dismiss this Counterclaim.

For all of the above-referenced reasons, it is respectfully recommended that Plaintiff's

motion to dismiss Count I be **GRANTED** and that Count I be **DISMISSED**.

C.   <u>**Unjust Enrichment Counterclaim**</u>

Plaintiff moves to dismiss the unjust enrichment counterclaim on the basis that it is not a compulsory counterclaim, pursuant to Federal Rule of Civil Procedure 13(a), because it does not arise out of the same transaction or occurrence that is the subject matter of Plaintiff's affirmative FLSA and NJWHL claims. According to Plaintiff, therefore, the Court lacks jurisdiction to consider the claim.[2] (Pl. Mov. Br. at 7-8). Defendants respond by arguing that the Counterclaim is compulsory over which this Court has subject matter jurisdiction. (Zhou Cert. at ¶¶ 6-10).

To state a claim for unjust enrichment under New Jersey law, a plaintiff must allege that "(1) at plaintiffs' expense (2) defendant received benefit (3) under circumstances that would make it unjust for defendant to retain benefit without paying for it." *Conte v. Promeathean, Inc.,* 2022 WL 4596727, at *6 (D.N.J. Sept. 30, 2022) (citing *Arlandson v. Hartz Mt. Corp.*, 792 F. Supp. 2d 691, 711 (D.N.J. 2011)). In addition, numerous courts have concluded that New Jersey law requires some relationship between the parties when alleging unjust enrichment. *Maniscalco v. Brother Int'l Corp. (USA)*, 627 F. Supp. 2d 494, 506 (D.N.J. 2009) (listing cases) ("New Jersey law requires a direct relationship between the parties.").

Here, Defendants specifically plead that they paid plaintiff $30,330 in 2018, "while plaintiff collected $1,500 per month *when he did not show up for work continuously for a number of months*, $30,000 in checks and $3,800 in cash, totaling $33,800.00 in 2019, $30,000.00 in checks and $4,210

---

[2] Plaintiff contends, for the first time in his reply brief, that Count II (unjust enrichment) fails to state a claim, pursuant to Rule 12(b)(6). (Pl. Reply Br. at 3-4; ECF No. 21). As it is improper to raise arguments for the first time in reply, the Court, in its discretion, could disregard Plaintiff's new argument. The Court, however, has decided to address Plaintiff's contention on the merits.

in cash totaling $34,210.00 in 2020, and $17,500.00 in checks and $5,350.00 in cash, totaling $23,850.00 in 2021." (Counterclaim, ¶2) (emphasis added). As a result, Defendants claim that Plaintiff was paid for work that he did not perform and that it is unjust for Plaintiff to have retained that benefit. (Counterclaim, ¶¶ 2, 10).

In seeking dismissal, Plaintiff argues that these allegations are insufficient to state a claim because they merely dispute Plaintiff's allegations and Defendants have failed to produce any evidence that Plaintiff allegedly insisted on payment in cash. (Pl. Reply Br. at 4). The Court finds Plaintiff's arguments unavailing. The allegations in the Counterclaim are assumed to be true for purposes of this motion. *See Phillips,* 515 F.3d at 233. Whether Defendants can ultimately prevail on their unjust enrichment claim because there may be genuine issues of material fact in dispute is not appropriate to consider on a motion to dismiss. In short, Defendants' allegations are sufficient to state a claim for unjust enrichment at the pleadings stage.

As it relates to the issue of jurisdiction, the Court next considers whether the Counterclaim is compulsory or permissive. *Korrow v. Aaron's Inc.*, 2015 WL 7720491, at *6 (D.N.J. Nov. 30, 2015) (citation omitted). "A counterclaim is compulsory if it 'arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.'" *Id.* "A compulsory counterclaim does not require an independent jurisdictional basis to be brought in federal court, even when it is purely a state-law claim." *Id.* (citing *Ambromovage v. United Mine Workers of America*, 726 F. 2d 972, 988 (3d Cir. 1984)). "A permissive counterclaim, on the other hand, requires a basis of federal jurisdiction independent of the opposing party's claim." *Id.* (citing *Aldens, Inc. v. Packel*, 524 F.2d 38, 52 (3d Cir. 1975)). "A permissive counterclaim is broadly defined to include 'any claim that is not compulsory.'" *Id.* (citing Fed. R. Civ. P. 13(b)).

11

Plaintiff contends that Defendants' unjust enrichment counterclaim does not arise out of the same "transaction or occurrence" as the claims in Plaintiff's Complaint.  It is true that in the context of FLSA and NJWHL cases, a counterclaim is not compulsory simply because it arises out of the employer-employee relationship.  *See Sohn v. Kominox, U.S.A., Inc.* 2022 WL 2870203, at *2-3 (D.N.J. July 21, 2022) (noting the "employer-employee" relationship is not enough, standing alone, to satisfy the test for supplemental jurisdiction).  For that reason, courts have declined to find counterclaims asserted by a defendant in FLSA and NJWHL case to be compulsory when the counterclaim is based on activities other than the payment of a plaintiff's wages.  For example, other courts in this District have found that claims related to a failure to reimburse a loan,[3] resolution of employee debts,[4] or for defamation unrelated to the payment of wages[5] are permissive not compulsory counterclaims.

This case is different.  Here, Defendants' unjust enrichment counterclaim arises out of the same transaction or occurrence as Plaintiff's wage claims.  Defendants dispute that Plaintiff worked the hours he claims, and further contend that Plaintiff was paid for time that he did not work.  This is directly related to the affirmative claims in the Complaint.  Other courts considering these wage-based claims have drawn similar conclusions.  *See, e.g.*, *Troncone v. Velahos*, 2012 3018061, at *8 (D.N.J. July 23, 2012) (counterclaim in FLSA and NJWHL alleging unjust enrichment arising out of unearned, fraudulently obtained commissions constitutes compulsory counterclaim); *see also Rivero v. Leflend & Son, LLC*, 2014 WL 2095219, at **1, 4 (S.D. Fla. May 20, 2014) (finding jurisdiction

---

[3] S*ee Sohn*, 2022 WL 2870203, at *2-3 (finding failure to reimburse loan is not a compulsory counterclaim) (collecting cases).
[4] S*ee id.* (collecting case).
[5] *See, e.g.*, *Chen v. Century Buffet and Restaurant*, 2011 WL 2600715, at *2 (D.N.J. June 29, 2011).

over counterclaims in FLSA case that included counterclaims alleging that plaintiff received payments for hours he did not actually work). Thus, the Court finds that Count II qualifies as a compulsory counterclaim pursuant to Rule 13. Therefore, there is no need for an independent basis of jurisdiction over this claim. *Korrow*, 2015 WL 7720491, at *6; *see* 28 U.S.C. § 1367. As a result, it is respectfully recommended that Plaintiff's motion to dismiss Count II be **DENIED**.

### D.    "Fraud and Bad Faith and Frivolous Lawsuit" Counterclaim

Similar to Count I, Plaintiff moves to dismiss Count III on the basis that it is not a viable Counterclaim but, at best, a claim arising under the NJFCA. This Court agrees. On its face, Count III is clearly based on Plaintiff's purported bad faith in bringing the lawsuit against Defendants, and as a result Defendants seek attorney's fees. (Counterclaim, ¶¶ 12-14). Similar to Count I, the Court construes Count III as akin to a claim for frivolous litigation arising under the NJFCA. *See Han*, 2009 U.S. Dist. LEXIS, 43618, at *12-13. Accordingly, for the same reasons Defendants' Count I is not viable, the Court finds Count III is not viable in that Defendants cannot proceed with a claim for frivolous litigation by way of counterclaim. As a result, it is respectfully recommended that Plaintiff's motion to dismiss Count III be **GRANTED** and that Count III be **DISMISSED**.

### IV.    CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiff's motion to dismiss be **GRANTED IN PART AND DENIED IN PART**. It is recommended that Plaintiff's motion to dismiss Count I and Count III of Defendants' Counterclaims be **GRANTED**, and that the motion to dismiss Count II of Defendants' Counterclaims be **DENIED**. The parties are advised that, pursuant to Federal Rule of Civil Procedure 72(b)(2), they have fourteen (14) days after receiving a copy of this Report and Recommendation to serve and file any specific written objections to

the Honorable Evelyn Padin, U.S.D.J.

**Dated: January 9, 2023**

<u>s/Jessica S. Allen</u>
**Hon. Jessica S. Allen**
**United States Magistrate Judge**

cc:   Hon. Evelyn Padin, U.S.D.J.