NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YUCHEN YANG, *on behalf of himself and others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>TAIJI ORIENTAL SPA NJ CORP., *et al.*,<br><br>    Defendants. | Case No. 22cv1617 (EP) (JSA)<br><br>**OPINION** |

**PADIN, District Judge.**

Plaintiff Yuchen Yang brings this proposed collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19, on behalf of a subset of Defendants Taiji Oriental Spa, Taiji Oriental Bodywork, and Zhang Taiji Spa's current and former employees. Plaintiff alleges that Defendants violated FLSA by not paying employees overtime compensation. D.E. 1 ("Compl." or "Complaint"). Plaintiff now moves to conditionally certify the proposed class. D.E. 46 ("Notice of Mot."); D.E. 47 ("Mot." or "Motion"). The Court has reviewed the parties' briefs and decides the Motion on the papers. *See* Fed. R. Civ. P. 78(b); L.Civ.R. 78(b). For the reasons below, the Court will **GRANT** Plaintiff's Motion.

**I.    BACKGROUND**[1]

Defendants Taiji Oriental Spa, Taiji Oriental Bodywork, and Zhang Taiji Spa, which all do business as Taiji Oriental Massage, provide massages and other spa services. Compl. ¶¶ 12, 16, 20. Defendants Fenghua Zhao and Deyu Sun are the owners. *Id.* ¶¶ 28, 34.

Plaintiff was Defendants' employee. From March 2018 through December 2020, Plaintiff worked for Taiji Oriental Spa and Taiji Oriental Bodywork as a driver and cashier.[2]

---

[1] This section derives mainly from the well-pleaded factual allegations in the Complaint.

*Id.* ¶ 8.  Plaintiff then continued working for Taiji Oriental Spa as a driver and cashier from January 2021 through August 3, 2021.  *Id.*  And from August 4, 2021, through August 7, 2021, Plaintiff worked for Taiji Oriental Spa as a driver and massage therapist.³  *Id.* ¶ 8.  At all relevant times, Defendants did not record Plaintiff's hours worked, including overtime hours.⁴  *Id.* ¶¶ 59-65.  From March 2018 to August 4, 2021, Defendants paid Plaintiff a flat salary per day and did not compensate overtime hours.  *Id.* ¶¶ 61-65.  From August 4, 2021, to August 7, 2021, Defendants paid Plaintiff an hourly wage and still did not compensate overtime hours.  *Id.* ¶¶ 57-61.

On March 22, 2022, Plaintiff filed this collective action against Defendants, seeking recovery under FLSA for unpaid overtime wages.  *Id.*  Plaintiff now moves to conditionally certify the proposed class of all "current and former non-exempt and non-managerial employees employed [by Defendants] at any time from March 22, 2019[,]" to present day.  Notice of Mot. at 1.  Defendants oppose conditional certification.  D.E. 48 ("Opp'n" or "Opposition").  Plaintiff replies.  D.E. 49 ("Reply").

## II.   ANALYSIS

### A.  Plaintiff's Proposed Class will be Conditionally Certified

FLSA requires employers to pay overtime compensation to employees who work over forty hours a week.  29 U.S.C. § 207.  If an employee believes their right to overtime compensation has been violated, FLSA permits them to proceed in a collective action "for and [o]n behalf of [them]self . . . and other employees similarly situated" against a single employer.

---

² As a driver, Plaintiff's primary duty was to transport other employees to and from work in Defendants' transport shuttle.  *Id.* ¶ 44.  As a cashier, Plaintiff's primary duty was to take and record customer payments.  *Id.* ¶ 43.
³ As a massage therapist, Plaintiff's primary duty was to provide massages and facials to customers.  *Id.* ¶ 8.
⁴ More than 40 hours per workweek.  29 U.S.C. § 207.

*Pearsall-Dineen v. Freedom Mortg. Corp.*, 27 F. Supp. 3d 567, 569 (D.N.J. 2014) (quoting 29 U.S.C. § 216(b)); *see also In re Citizens Bank, N.A.*, 15 F.4th 607, 611 (3d Cir. 2021) (same). "Unlike an opt-out class action brought pursuant to Federal Rule of Civil Procedure 23(b)(3)," all members of a FLSA collective action must "opt-in" and "affirmatively elect to participate." *Robles v. Vornado Realty Trust*, 2015 WL 5012597, at *2 (D.N.J. Aug. 21, 2015).

Because FLSA does not define who is a "similarly situated" employee, "the Third Circuit follow[s] a two-step process to determine whether a FLSA plaintiff may proceed with a collective action[] . . . ." *Pearsall-Dineen*, 27 F. Supp. 3d at 569. The first step is to consider whether to grant conditional certification. *Robles*, 2015 WL 5012597, at *2. The term "conditional certification" is misleading—it "is not really a certification but instead is a district court's exercise of its discretionary power to facilitate the sending of notice to potential class members." *Pearsall-Dineen*, 27 F. Supp. 3d at 570 (cleaned up). Only the first step is relevant to this Motion.

At the first step, a court "applies a fairly lenient standard to determine whether the named plaintiff[] ha[s] made a modest factual showing that the employees identified within the complaint are 'similarly situated.'" *Robles*, 2015 WL 5012597, at *2 (cleaned up); *see also In re Citizens*, 15 F.4th at 611 (same). A named plaintiff must only "produce some evidence beyond pure speculation of a factual nexus between the manner in which the employer's alleged policy affected [them] and the manner in which it affected other employees." *Pearsall-Dineen*, 27 F. Supp. 3d at 570 (cleaned up). To make this determination, a court should "examin[e] the pleadings and affidavits in support or opposition to the proposed collective action." *Robles*, 2015 WL 5012597, at *2. A court may also consider any relevant factors on a case-by-case basis. *Gui Hua Ding v. Baumgart Restaurant, Inc.*, 2020 WL 7768387, at *5 (D.N.J. Dec. 30,

2020). Due to this lenient standard, conditional certification is "typically" granted. *Robles*, 2015 WL 5012597, at *4 (quoting *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d at 493, 496 (D.N.J. 2000)).

Plaintiff has satisfied this lenient standard. In support, Plaintiff provides an affidavit detailing his knowledge of thirty-three non-managerial employees, all massage therapists, who told Plaintiff that Defendants paid them an hourly rate without overtime compensation. D.E. 47-9 ("Pl.'s Aff." or Plaintiff's Affidavit") ¶¶ 51, 58, 65, 73, 80, 87, 95, 102, 109, 116, 123, 130, 137, 144, 151, 158, 163, 170, 177, 184, 191, 198, 205, 212, 219, 226, 233, 240, 247, 254, 261, 268, 275, 277. At this stage, this is sufficient. *See Russo v. Gov't Emps. Ins. Co.*, 2022 WL 3098107, at *4 (D.N.J. Aug. 3, 2022) (granting conditional certification where the plaintiff alleged that he and the opt-in plaintiffs "performed similar work for the same employer, were subject to the same scheme, and suffered the same type of harm arising from the same alleged FLSA violation").

Defendants raise multiple arguments.[5] First, Defendants argue that Plaintiff is not entitled to any overtime pay under FLSA. Opp'n at 2. Because this argument goes to the merits of the case and not to the conditional certification analysis, the Court will not consider it. *See Russo*, 2022 WL 3098107, at *4 (cleaned up) ("The court does not consider the merits of the dispute at th[e] time" of conditional certification.). Similarly, the Court will not consider Defendants' argument that Plaintiff fails to "show[] by a preponderance of the evidence[]" that he satisfies the class action criteria of Federal Rule of Civil Procedure 23, Opp'n at 16, because

---

[5] In the Reply, Plaintiff argues that the Court should not consider Defendants' Opposition, which was due June 2, 2023, because it was not filed until June 4, 2023. Reply at 11-12. The Court exercises its discretion to relax this deadline and resolve the Motion on the merits. *See, e.g., Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (stating the Third Circuit's preference "that cases be disposed of on the merits whenever practicable").

"Rule 23 actions are fundamentally different from collective actions" and have "procedurally different 'mechanisms[,]'" *Mirabal v. Caribbean Car Wash, Inc.*, 2020 WL 5939780, at *2 (D.N.J. Oct. 7, 2020) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013)).

As to conditional certification, Defendants argue that Plaintiff has not shown a modest factual nexus between himself and the proposed class because Plaintiff's Affidavit fails to allege "any collaborating evidence and records to support" its contents beyond Plaintiff's hearsay statements that he discussed the potential plaintiffs' pay with them. Opp'n at 15. However, at this stage, the Court may consider statements made in declarations, including hearsay statements. *Ying Yang v. Village Super Market, Inc.*, 2019 WL 1275059, at *2 (D.N.J. Mar. 20, 2019); *see also Covachuela v. Jersey Firestop, LLC*, 2021 WL 1326985, at *3 (D.N.J. Apr. 9, 2021) (considering the plaintiff's "accounts of his conversations with other employees" despite the statements being "hearsay"); *Yang v. Somchai & Co., Inc.*, 2022 WL 131132, at *3 (D.N.J. Jan. 14, 2022) (considering the plaintiff's hearsay statements where the plaintiff "allegedly drove these other . . . employees home . . . after their shifts[]" and "talk[ed] with his colleagues about their jobs").

Here, Plaintiff detailed when he worked for Defendants, what his duties were, how he was not compensated for overtime hours, and which other employees informed him that they were also not receiving overtime compensation. This is sufficient. *See Ying Yang*, 2019 WL 1275059, at *2 (granting conditional certification where the plaintiff set forth similar details); *Russo*, 2022 WL 3098107, at *4 (same).

B. **Plaintiff's Proposed Notice Provisions**

If conditional certification is granted, a court "may provide court-facilitated notice to potentially eligible members." *Doe v. Banc, Jack & Joe, LLC*, 2020 WL 2832621, at *6 (D.N.J.

5

June 1, 2020) (citing *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). Additionally, a court "has the authority to 'supervise the notification process, including how much time plaintiffs are given to notify class members, how class members are notified, and what contact information plaintiffs are afforded.'" *Id.* (quoting *Steinberg v. TD Bank, N.A.*, 2012 WL 2500331, at *6 (D.N.J. June 27, 2012)); *see also Covachuela*, 2021 WL 1326985, at *4 (alteration in original) (cleaned up) (quoting *Pearsall-Dineen*, 27 F. Supp. at 574) ("District courts may regulate their practice [of facilitating notice] in any manner not inconsistent with federal or local rules."). Defendants do not object to Plaintiff's proposed notice provisions. *See generally* Opp'n.

First, Plaintiff requests that Defendants produce a Microsoft Excel data file containing the following information for all potential plaintiffs: (1) their last known mailing addresses, phone numbers, e-mail addresses, and usernames for WhatsApp, WeChat, and/or Facebook;[6] and (2) their work locations, dates of employment, and positions. Mot. at 9. The Court approves these requests. *See Greene v. Cnty. of Essex*, 2023 WL 4526029, at *3 (D.N.J. July 13, 2023) (citing cases) ("[C]ourts routinely order employers to produce this information in collective actions."); *Doe*, 2020 WL 2832621, at *6 (finding that requests for means of electronic communication via e-mail do not unduly burden a defendant because it "is now commonplace"); *Hong v. Haiku @ WP Inc.*, 582 F. Supp. 3d 117, 131 (S.D.N.Y. 2022) (citing cases) (ordering the defendants to produce WhatsApp, WeChat, and/or Facebook usernames because "it is increasingly clear that this information permits a more efficient means of providing notice than first class mail").

---

[6] To support Plaintiff's request for the usernames, he notes that "WeChat and WhatsApp are utilized heavily by Chinese-American . . . and Hispanic-American immigrant workers[,]" which many potential plaintiffs are, "as an additional . . . or alternative avenue of communication to traditional telephone." Mot. at 14.

6

Next, Plaintiff requests the following regarding dissemination of the proposed notice and consent forms: (1) in addition to the commonplace notices via mail and e-mail, to allow notice via text/social media message; (2) a 90-day notice period for potential plaintiffs; (3) any approved notice may be disseminated in English and a potential plaintiff's first language, as many are immigrants; (4) Defendants post the notice and consent to join form in "conspicuous locations" at the businesses; (5) Defendants include the notice and consent forms with a potential plaintiff's paycheck; and (6) Plaintiff may send a reminder via mail, e-mail, and text/social media message to all unresponsive potential class members halfway through the notice period. *Id.* at 11-12.

The Court approves four of these requests. *See Thrower v. UniversalPegasus, Int'l Inc.*, 484 F. Supp. 3d 473, 490 (S.D. Tex. 2020) (permitting notice via text message because "e-mails have the infelicitous tendency of slipping through the cracks, especially when folks have multiple e-mail accounts (*e.g.*, work, personal, school) with which they must stay current"); *Lijun Geng v. Shu Han Ju Restaurant II Corp.*, 2019 WL 4493429, at *19 (S.D.N.Y. Sept. 9, 2019) (citing cases) (approving translation of the notice in Chinese and Spanish to increase the effectiveness of the notice); *Ying Yang*, 2019 WL 1275059, at *4 (finding that requiring posting at workplaces is "reasonable and cost-efficient"); *Covachuela*, 2021 WL 1326985, at *4 (approving reminder halfway through 60-day notice period).

However, the Court denies a 90-day notice period because "[a]n opt-in period of 60 days is sufficient time to provide [potential plaintiffs] with notice, while not needlessly delaying litigation." *Greene*, 2023 WL 4526029, at *4. Plaintiff may renew the request for a 90-day period if difficulties locating or contacting potential plaintiffs arise. *See id.* Additionally, the Court denies the request for the inclusion of the notice and consent form in paychecks because

Plaintiff does not articulate how this method is not duplicative considering the other means of notice. *See Hong*, 582 F. Supp. 3d at 136 (citing cases) (finding this method of notice was unnecessary and presented a risk that an employee would assume their employer was requiring them to fill out the notice).

Third, Plaintiff requests authorization of Defendants' logo on mailings sent to potential plaintiffs to alert them as to what the mailing is related to, making them less likely to discard it. Mot. at 14-15. The Court denies this request. The only case law Plaintiff cites in support is an Eleventh Circuit unfair competition and copyright infringement case. *See id.* at 15 (citing *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224 (11th Cir. 2010)). For FLSA conditional certification, this measure is unnecessary and raises concerns that the potential plaintiffs will think the notices are from the employer. *Lin v. JD Produce Maspeth, LLC*, 2021 WL 5163218, at *13 (E.D.N.Y. Nov. 5, 2021) (citing cases).

Fourth, Plaintiff requests to use QR[7] codes on physical notices that potential plaintiffs can scan to directly initiate communication with Plaintiff's counsel and/or submit their notice on Plaintiff's counsel's website. Mot. at 13-14. The Court denies the QR request and will not permit Plaintiff's counsel to post the notice and consent forms on his website at this time. Plaintiff has not demonstrated how these methods are not duplicative of the physical mail, e-mail, text, and social media notices. *See Hong*, 582 F. Supp. 3d at 135 (citing cases) (holding that these additional means were not necessary considering the other methods of dissemination); *Lin*, 2021 WL 5163218, at *13 (citing cases) (same).

As for the substantive language of the proposed notice and consent form, the Court approves the language subject to one amendment. The notice's section titled "What happens if I

---

[7] Quick Response.

do nothing at all?" currently reads: "If you do nothing, you will not be part of the lawsuit. This means that if the lawsuit is successful, you will not collect any money from it. It also means you will not be affected by any court decisions in the lawsuit, whether favorable or unfavorable." D.E. 47-2. The amended section title shall read: "Statute of Limitations," and the corresponding text shall read:

> Your decision not to join this case will not affect your right to bring a similar case on your own at a future time. However, claims under FLSA must be brought within two years of the date that the claim accrues, unless the employer's violation of the law was "willful," in which case the maximum statute of limitations of three years applies.

*See Pearsall-Dineen*, 27 F. Supp. 3d at 574 (amending the notice to include identical language when the proposed notice did not fully inform potential plaintiffs of their options). Otherwise, Plaintiff's proposed notice sufficiently "provides a short description of the lawsuit, explains [potential plaintiffs'] right to make a claim, the effect of doing so, . . . a notice that FLSA prohibits retaliation against employees who join the action, and a consent form for employees who wish to opt into the collective action." *Id.* at 573.

Lastly, Plaintiff requests that (1) the opt-in period is modified to three years, instead of two; and (2) the statute of limitations is equitably tolled during the 60-day notice period. Mot. at 16-17. A FLSA plaintiff's claims are considered commenced for statute of limitations purposes when a complaint is filed, whereas an opt-in plaintiff's claim is considered commenced when their written consent is filed. *Depalma v. Scotts Co. LLC*, 2017 WL 1243134, at *2 (D.N.J. Jan. 20, 2017) (citing 29 U.S.C. §§ 256(a), (b)). FLSA claims have a two-year statute of limitations from the time the claim accrued; however, this may be extended to three years if an employer willfully violated FLSA. 29 U.S.C. § 255(a). An employer willfully violates FLSA if it either

knew its conduct was prohibited or if its conduct constitutes reckless disregard. *Gui Hua Ding*, 2020 WL 7768387, at *6.

The Court will not limit the notice period, and thus will extend the opt-in period from two to three years, because "[i]t is premature for the Court to decide" if Defendants "acted willfully before the parties have engaged in full discovery." *Doe*, 2020 WL 2832621, at *7.

However, the Court will not equitably toll the statute of limitations during the 60-day notice period. "Equitable tolling is appropriate where the employer's own acts or omissions have lulled the plaintiff into foregoing prompt attempts to vindicate his rights." *Gui Hua Ding*, 2020 WL 7768387, at *6 (cleaned up) (quoting *Kelly v. Borough of Union Beach*, 2011 WL 551170, at *6 (D.N.J. Feb. 8, 2011)). Here, Plaintiff argues equitable tolling is warranted because "unnecessary delays are of particular concern due to FLSA's limitations period[,] which continues to run until the potential [plaintiff] opts in . . . ." Mot. at 17. But Plaintiff does not explain what impacted his ability to vindicate his rights or how this ability was impacted. *See Gui Hua Ding*, 2020 WL 7768387, at *7 (denying equitable tolling during the notice period where the plaintiffs did not "provide any further information or explanation" as to why it was warranted).

### III.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion will be **GRANTED**. An appropriate Order accompanies this Opinion.

Dated: December 6, 2023

*Evelyn Padin*
Evelyn Padin, U.S.D.J.