<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YUCHEN YANG, *on behalf of himself and others similarly situated*, | |
| Plaintiff, | No. 22cv1617 (EP) (JSA) |
| v. | **OPINION** |
| TAIJI ORIENTAL SPA NJ CORP., *et al.*, | |
| Defendants. | |

**PADIN**, **District Judge.**

Plaintiff Yuchen Yang brings this purported class action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19, and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a *et seq.*, alleging that Defendants failed to pay employees overtime compensation. D.E. 1. Defendants Taiji Oriental Bodywork & Foot Rub Corp. d/b/a Taiji Oriental Massage ("Taiji Bodywork"), Taiji Oriental Spa NJ Corp. ("Taiji Oriental Spa"), and Zhang Taiji Spa, Inc. ("Taiji Spa") (together, the "Corporate Defendants"), provide massages and other spa services, and Defendants Fenghua Zhao and Deyu Sun (the "Individual Defendants") are the owners. *Id.* ¶¶ 12, 28, 34. The Court conditionally certified the class in December 2023. D.E. 50. Collective members had until May 17, 2024 to opt into the class, but none did. D.E. 67. Defendants now move for summary judgment. D.E. 79 ("Motion" or "Mot."). The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1(b). For the reasons below, the Court will **DENY** the Motion.

I. BACKGROUND

A. Procedural History

The Court must first note the parties' dilatoriness and lack of diligence in litigating this case. Plaintiff commenced this action on March 22, 2022. D.E. 1. Defendants brought counterclaims for misrepresentation; unjust enrichment; and fraud, bad faith, and frivolous lawsuit. D.E. 12. Plaintiff moved to dismiss the counterclaims, D.E. 17, and the Court dismissed all counterclaims other than unjust enrichment. D.E.s 33, 35. Discovery closed on April 30, 2023. D.E. 42.

After attempting to delay the progress of this case on various grounds, the parties—who informed the Court that they both intended to move for summary judgment—were ordered to serve their respective moving papers on or before September 13, 2024 and file complete motion packages by November 15, 2024. D.E. 74. That deadline came and went and neither party moved. On December 4, 2024, defense counsel filed an untimely request for an extension of time to file a summary judgment motion, which Plaintiff objected to. D.E.s 75-76. This request was made "only in response to the Court's chambers contacting all parties to ascertain whether they intended to move for summary judgment." D.E. 78. Despite the woefully delayed request, the Court exercised its discretion and granted the request for an extension. *Id.* Defendants' Motion followed, arguing that Plaintiff's claims fail as a matter of law because Plaintiff was an exempt executive employee under the FLSA and NJWHL and was an owner of Defendant Taiji Oriental Spa. Mot. Defendants also move for summary judgment on their remaining counterclaim. *Id.* Plaintiff opposes. D.E. 80 ("Opp'n"). Defendants filed no reply brief, but instead only a reply certification. D.E. 81.

2

B.      **Factual Background**[1]

The Court had to sift through the record itself to identify even the most basic information about this case given the parties' inability to comply with Local Civil Rule 56.1. It does its best to parse through the purported disputes, many of which abjure facts or raise immaterial information without proper citations to the record.

*1.      The parties*

Taiji Bodywork is a company formed by Defendant Deyu Sun ("Sun"). D.E. 79-17, 32:18-34:3 ("Sun Tr."). Taiji Oriental Spa was also founded by Sun. *Id.*, 52:8-18. Defendant Fenghua Zhao ("Zhao") is married to Sun. D.E.79-18, 10:22-25 ("Zhao Tr."). Sun and Zhao also owned Taiji Spa in equal shares at the time of its formation. *Id.*, 15:19-22. Plaintiff was a driver and cashier at Taiji Bodywork and Taiji Oriental Spa. Pl. Counterstatement of Facts ¶ 2.

*2.      The scope of Plaintiff's work for the Corporate Defendants*

The crux of this entire matter is the parties' dispute over whether Plaintiff was a manager and owner of the Corporate Defendants. Defs. Facts ¶ 2; Pl. Counterstatement of Facts ¶ 2. Defendants aver that Plaintiff was the manager of Taiji Oriental Spa. Defs. Facts ¶ 3 (citing Sun Tr., 79:23-80:5). Plaintiff denies this and states that his roles were limited to those of driver, cashier, and masseur. Pl. Counterstatement of Facts ¶ 2 (citing D.E. 47-9 ¶ 3 ("Yang Aff.")).

---

[1] The facts are drawn from the parties' statements of material facts, affidavits, and exhibits: D.E.s 79-2 ("Defs. Facts"); 80-3 ("Pl. Counterstatement of Facts"); 81 ("Defs. Reply Facts"). The Court disregards portions of the parties' statements of facts that do not properly cite to the record, contain improper legal arguments or conclusions, or recite factual irrelevancies. *See* Fed. R. Civ. P. 56(1)(c)(1); L. Civ. R. 56.1(a); s*ee also Jones v. Sanko Steamship Co., Ltd.*, 148 F. Supp. 3d 374, 379 n.9 (D.N.J. 2015) (disregarding potions of statements that include legal arguments, lack of citations, or factual irrelevancies). Undisputed facts are indicated by reference to only one party's statement of facts. Hyperbolic language hurled at either party is also unpersuasive to the Court.

3

Defendants list a number of Plaintiff's responsibilities as the purported executive manager of Taiji Oriental Spa: he arranged employees' schedules, determined the salaries and pay rates of employees, kept and maintained records, had the authority to terminate employees, and ran daily operations. Defs. Facts ¶ 4 (citing Sun Tr., 80:25-93:4). Plaintiff responds by citing an unspecified "[d]emonstrative" purporting to outline Plaintiff's daily pay rates, which he contends disqualifies him from executive exemption because such exempt employees must be paid weekly (or less frequently). Pl. Counterstatement of Facts ¶¶ 3-4. Plaintiff also cites deposition testimony "confirming Plaintiff was paid a daily rate," *id.* (citing Zhao Tr., 51:13-53:5), but what that exchange actually shows is the deponent's calculation of what Plaintiff's monthly pay in certain months equaled per day. Plaintiff also denies the aforementioned by reiterating that his roles were limited to those of driver, cashier, and masseur. *Id.* ¶ 4 (citing Yang Aff. ¶¶ 3, 7-10).

        3.     *Plaintiff's salary*

Defendants also contend that Plaintiff determined his own pay rate by texting Defendants regarding how many days he worked and how much he was supposed to be paid. Defs. Facts ¶ 5. Plaintiff agrees that he texted Defendants with his expected pay, but disputes that such a communication constituted his own determination. Pl. Counterstatement of Facts ¶ 5 (citing D.E. 79-21). The WeChat messages cited by Plaintiff consist of Plaintiff telling Defendant Zhao the amount to be paid based on how many days he worked.

The record is inconsistent as to exactly how much Plaintiff was paid. Plaintiff's W2 payroll receipts show the following payments: $23,000 in 2018; $30,000 in 2019; and $30,000 in 2020. Mot., Ex. 15. A handwritten document purports to show Plaintiff was paid the following in cash: $7,330 in 2018; $3,800 in 2019; and $4,210 in 2020. *Id.*, Ex. 16. This document also purports to show Plaintiff collected $1,500 per month despite not working from January to March 2018 as

well as $2,500 per month despite working only 8 days in March 2020, no days in April 2020, 9 days in May 2020, and 4 days in June 2020. *Id.* Defendants' timesheets show a slight variation of $8,546 in cash paid in 2018; $3,800 in cash paid in 2019; and an illegible amount in 2020. *Id.*, Ex. 20.

## II.     LEGAL STANDARD

A court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable jury could return a verdict for the non-moving party. *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A factual dispute is "material" if it might affect the outcome of the case under governing law. *Id.* Under Rule 56, a court must view the evidence presented in the light most favorable to the non-moving party. *See Anderson*, 477 U.S. at 255. However, "conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment," *Blair*, 283 F.3d at 608, and statements of undisputed material facts may not "rel[y] primarily on speculation and legal conclusions" or "fail[] to genuinely dispute the facts[.]" *Buxton v. Dougherty*, 821 F. App'x 70, 71 n.2 (3d Cir. 2020).

The movant bears the initial responsibility to establish the basis for the motion for summary judgment and to identify the portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the non-moving party bears the burden of proof on an issue, the moving party's initial burden can be met simply by "pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

After the moving party has met its initial burden, the non-moving party must set forth specific facts showing that there is a genuinely disputed factual issue for trial by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## III.  ANALYSIS

### A. Defendants Do Not Carry Their Burden to Show Plaintiff is an Exempt Employee Under the FLSA

The FLSA mandates overtime compensation to employees who work over forty hours per work week, with the exception of "any person employed in a bona fide executive, administrative, or professional capacity." *Soehnle v. Hess Corp.*, 399 F. App'x 749, 751 (3d Cir. 2010) (citing 29 U.S.C. § 213(a)(1)). Defendants argue that Plaintiff falls under the "executive" exemption and thus is not entitled to overtime payment. Mot. at 9.

An executive employee is one who is:

> (1) Compensated on a "salary basis" at a rate of not less than $455 per week; (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (3) Who "customarily and regularly" directs the work of two or more other employees; and (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

*Minshou Lin v. Fada Grp. Inc.*, No. 20-5942, 2021 WL 423757, at *2 (D.N.J. Feb. 4, 2021) (citing *Soehnle*, 399 F. App'x at 751 n.2).[2]

An issue of fact remains as to Plaintiff's primary duties. The only record evidence cited in support of the parties' respective positions are Plaintiff's affidavit and the Individual Defendants' deposition testimony. It is true that "conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment." *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608 (3d Cir. 2002); *see also Walsh v. Fusion Japanese Steakhouse, Inc.*, 548 F. Supp. 3d 513, 530 (W.D. Pa. 2021) (citing *Gonzalez v. Sec'y of the Dep't of Homeland Sec.*, 678 F.3d 254, 263 (3d Cir. 2012) (noting the aforementioned general rule has been extended to self-serving deposition testimony). However, "a single, non-conclusory affidavit or witness's testimony, when based on personal knowledge and directed at a material issue, is sufficient to defeat summary judgment." *Lupyan v. Corinthian Colls. Inc.*, 761 F.3d 314, 320 (3d Cir. 2014). The competing evidence is non-conclusory.

In this case, the Court cannot make a qualitative assessment as to whether Plaintiff's "primary duty [wa]s management" based on the competing testimony of the parties. *Soehnle*, 399 F. App'x at 751 n.2. Plaintiff avers that his primary duties were clearly non-managerial: driving,

---

[2] Defendants argue that the "short" test applies, Mot. at 9, under which managerial status is determined by reference to the employee's salary (not less than $250 per week) and primary duty of employment. *Marshall v. Western Union Tel. Co.*, 621 F.2d 1246, 1249 (3d Cir. 1980). This stands in contrast to the "long" test, under which managerial status is determined through various job-related criteria and the earning threshold is at least $155 per week. *Id.* However, on "August 23, 2004, the Secretary promulgated new regulations, which eliminated the 'short' and 'long' tests." *Davis v. Mountaire Farms, Inc.*, 551 F. Supp. 2d 343, 347 (D. Del. 2008). Additionally, effective July 1, 2024, the U.S. Department of Labor promulgated new FLSA regulations defining the executive employee exemption, which "incorporates another section that lays out the most recent salary requirements to be an exempt employee." *Wu v. East Ocean Agriculture Corp.*, No. 21-668, 2025 WL 445318, at *4 n.2 (D. Del. Feb. 10, 2025) (citing 29 C.F.R. § 541.100(a) (2024)). However, as the court did in *Wu*, this Court will use the earlier regulations because Plaintiff was employed prior to July 2024. *Id.*

working as a cashier, and working as a masseur. Pl. Counterstatement of Facts ¶ 3. Defendants aver that Plaintiff arranged employees' schedules, determined the salaries and pay rates of employees, kept and maintained records, had the authority to terminate employees, and ran daily operations. Defs. Facts ¶ 4.

"The regulations define the 'primary duty' as the 'principal, main, major or most important duty that the employee performs.'" *Itterly v. Family Dollar Stores, Inc.*, 606 F. App'x 643, 646 (3d Cir. 2015) (quoting 29 C.F.R. § 541.700(a)). "To determine an employee's primary duty, courts consider 'the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.'" *Brown v. Meadows at East Mountain-Barre for Nursing and Rehabilitation LLC*, No. 22-828, 2024 WL 1916713, at *5 (M.D. Pa. May 1, 2024) (quoting 29 C.F.R. § 541.700).

The record is inconclusive to make such a determination. For example, Defendant Sun testified that Plaintiff generally set employees' schedules and determined the pay rate of employees. Sun Tr., 80:15-81:6. Plaintiff attested that he "had to remain at the cash register all day" and as a masseur "would spend about five hours and thirty minutes . . . serving customers and the remainder of my working day waiting to be assigned my next customer." Yang Aff. ¶ 7. These competing versions of Plaintiff's responsibilities—and the amount of time spent performing them— creates an issue of material fact as to whether Plaintiff's primary duty was managerial. Accordingly, as all four factors must be met for the exemption to apply, the Court will **DENY** Defendants' Motion on this basis. The same analysis applies to Defendants' invocation of the

management exemption under the NJWHL. *See Novak v. Home Depot U.S.A., Inc.*, 259 F.R.D. 106, 109 (D.N.J. 2009).

### B. The Business Exemption Does Not Apply

Defendants also argue that Plaintiff is exempt because he owns a thirty percent share of Taiji Oriental Spa. Mot. at 12. "Pursuant to federal regulation, 'any employee who owns at least a bona fide 20-percent equity interest in the enterprise in which [she] is employed . . . and who is actively engaged in its management' is considered a 'bona fide executive' exempt from the FLSA's minimum wage and overtime requirements." *Abouakil v. Blaze Auto, LLC*, No. 23-4480, 2024 WL 2249824, at *2 (E.D. Pa. May 17, 2024) (quoting 29 C.F.R. § 541.101). Defendants themselves state that "plaintiff *would be* a thirty percent equity owner *had he* invested the $30,000 into the subject company as he promised." Defs. Facts ¶ 9 (emphasis added). A negotiation that never materialized cannot possibly make Plaintiff an owner of one of the Corporate Defendants. The Court will **DENY** summary judgment on this basis as well.

### C. The Court Will Deny Summary Judgment as to Defendants' Counterclaim

Defendants' remaining counterclaim is for unjust enrichment, which is based on their allegations that Plaintiff was paid for work that he did not perform and that it is unjust for him to have retained that benefit. D.E. 33 at 11. However, in their moving papers, Defendants argue that they have satisfied their burden by showing that Plaintiff "fil[ed] this frivolous lawsuit against the defendants for his fraudulent claims for wage and overtime based upon his fraudulent misrepresentation of material facts." Mot. at 13. Defendants appear to try to resuscitate their dismissed counterclaims for misrepresentation and "fraud and bad faith and frivolous lawsuit." D.E. 33 at 6, 13. As an "issue is waived unless a party raises it in its opening brief," *Laborers'*

9

*Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994), the Court will **DENY** summary judgment as to Defendants' counterclaim.

IV. **CONCLUSION**

For the reasons above, Defendants' summary judgment motion, D.E. 79, is **DENIED**. An appropriate Order follows.

Dated: **August 6, 2025**

Evelyn Padin, U.S.D.J.